**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ALTHEARIDGE LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:26-CV-00308-JRG |
| CIPHERLAB USA, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Alternative Service (the "Motion") filed by Plaintiff Altheatridge LLC ("Plaintiff"). (Dkt. No. 8.) Having considered the Motion, the Court finds that it should be and hereby is **GRANTED**.

### I.    BACKGROUND

Plaintiff filed the above-captioned case against Defendant CipherLab USA, Inc. ("Defendant") on April 17, 2026. (Dkt. No. 1.) Defendant is a Texas corporation with a registered agent in Texas. (Dkt. No. 8-2.) According to the Texas Secretary of State, Defendant has as its registered agent: Chin-Jung Wu at 2552 Summit Avenue, Suite 400, Plano, Texas 75074. (Dkt. No. 8-1 at 1 (citing Dkt. No. 7).) Plaintiff attempted service on Defendant's registered agent, but according to the process server, the "property appeared vacant which was supported by empty inside and vacancy notice posted." (*Id.*) Plaintiff subsequently filed the Motion on June 8, 2026, seeking leave to serve Defendant by alternative service. (Dkt. No. 8 at 2.)

### II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(h) governs service upon a domestic or foreign corporation. Under Rule 4(h)(1)(A), a plaintiff may effect service in any manner prescribed by

Rule 4(e)(1), including requesting a method of alternative service following state law in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

Plaintiff directs the Court to Texas Rule of Civil Procedure Rule 106, Method of Service, which states that:

> (b) Upon motion supported by a statement - sworn to before a notary or made under penalty of perjury - listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
> (1) ***; or
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

## III.    ANALYSIS

Plaintiff seeks leave in the Motion for alternative service by (a) serving Defendant's counsel of record in another case, (b) service upon Defendant via email, and/or (c) serving Defendant's parent company. (Dkt. No. 8 at 4.)

Having considered the Motion, and recognizing that Plaintiff has already attempted traditional service upon Defendant's registered agent, the Court finds that alternative service is warranted. In particular, the Court finds that the circumstances of this case warrant alternative service on Defendant's outside counsel by mail and email as proposed by Plaintiff. (*Id*. at 5.) This Court has previously found that serving a defendant's United States counsel in another case is sufficient to satisfy due process and comports with Rule 4 because it is a method reasonably calculated to apprise the defendant of the action. *See, e.g., Universal Connectivity Techs. Inc. v. Lenovo Grp. Ltd.*, No. 2:23-cv-00449, 2025 WL 510233, at *3 (E.D. Tex. Feb. 15, 2025).

Accordingly, the Court **GRANTS** Plaintiff leave to serve David J. Tsai of Pillsbury Winthrop Shaw Pittman LLP, whom it identifies as Defendant's counsel of record in *Televo LLC v. CipherLab USA, Inc.*, Civil Action No. 2:25-cv-00720-JRG-RSP. (Dkt. No. 8 at 5.)

In addition, since Defendant is a Texas corporation, the Court further **ORDERS** that Plaintiff use the Texas Secretary of State's SOSDirect website to locate a Vice President or President of CipherLab USA, and Plaintiff must further attempt personal service upon one of these individuals in their corporate capacity.

## IV.    CONCLUSION

For the reasons stated herein, Plaintiff's Motion (Dkt. No. 8) is **GRANTED**. It is therefore **ORDERED** that Plaintiff may alternatively serve Defendant by serving Defendant's U.S. counsel, David J. Tsai at Pillsbury Winthrop Shaw Pittman LLP using the same mail and email addresses as listed for Mr. Tsai in *Televo LLC v. CipherLab USA, Inc.*, Civil Action No. 2:25-cv-00720-JRG-RSP: david.tsai@pillsburylaw.com, and Four Embarcadero Center, 22nd Floor, San Franscisco, CA 94111. Further, it is **ORDERED** that Plaintiff also attempt to locate and personally serve a Vice President or President of Defendant using the SOSDirect website. Notice of such efforts should be filed with the Court.

So ORDERED and SIGNED this 13th day of July, 2026.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

3